Before the First Division, May 18, 1955

No. 59077.—Railway Express Agency, Inc. v. United States, petition 6924–R (Pembina).

Oliver, Chief Judge:    The provisions of section 489 of the Tariff Act of 1930 are invoked in this case to obtain remission of additional duties accruing by reason of the final appraised value exceeding the entered value of certain electrotype plates exported from Winnipeg, Canada, and entered at the port of Noyes, Minn.

The case was heard at Minneapolis, Minn., where petitioner introduced the testimony of its employee who prepared and filed the entry involving the merchandise in question.    The witness' uncontradicted testimony shows that, in entering this merchandise at its invoice value, petitioner followed its practice of 5 years involving the same kind of goods.    Throughout that period, the customs officials always accepted the invoice value as the dutiable value.    After entering the present merchandise at its invoice value, petitioner learned that the appraiser "had reason to believe" that there was a higher value for the articles.    Petitioner thereupon requested that appraisement be withheld so that it could conduct an investigation with the view of obtaining additional information concerning the proper value of these electrotype plates.    Correspondence admitted in evidence (petitioner's collective exhibit 1) shows that petitioner sought such information from the Canadian manufacturer of the merchandise in question, from the foreign shipper of the merchandise, from the ultimate consignee, and from its Canadian agent.    Based upon replies from its inquiries, petitioner worked out a formula showing cost of production that was higher than the invoice value.    Petitioner then filed an amended entry at the higher value.    Throughout the entire period—between the time of petitioner's original entry and when the merchandise was appraised—petitioner not only supplied customs officials with all available information, but also allowed them complete access to its files.

From an examination of the record and a consideration of all of the facts in the case, we are satisfied that the entry of the merchandise at a less value than that found by the appraiser was without intention to defraud the revenue of the United States or to conceal or misrepresent the facts of the case or to deceive the appraiser as to the value of the merchandise.

We have examined all of the cases cited in defendant's brief and find that each of them was based on a set of facts that distinguishes them from the present case. "Each case of remission of necessity must be determined upon the record presented in such case," United States v. D. Lisner & Co., Inc., 38 C. C. P. A. (Customs) 79, C. A. D. 443.

The petition is granted and judgment will be rendered accordingly.